# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DANIEL CARBAJAL TORRES, | No. ED CV 26-3374-E |
| Petitioner, | |
| v. | ORDER FOR ENTRY OF JUDGMENT |
| FERETI SEMAIA, WARDEN, ETC., ET AL., | |
| Respondents. | |

## FACTUAL BACKGROUND AND PROCEEDINGS

Petitioner, reportedly born in Mexico, has lived in the United States since he was less than a year old. He is now 39 years old and married to a United States citizen. Petitioner has two United States citizen children and has supported his family through gainful employment in the United States.

On January 12, 2026, Petitioner was arrested by agents of Immigration and Customs Enforcement ("ICE"). Petitioner was never shown a warrant and was not told at the time of his arrest that there was a warrant. Petitioner has been held in ICE custody ever since. Removal proceedings are pending.

///

On June 16, 2026, in defiance of this Court's injunction in Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), an immigration judge declared a lack of jurisdiction to release Petitioner on bond.  The immigration judge evidently treated Petitioner as having been detained under section 1225 of Title 8 U.S.C., rather than under section 1226 thereof.

On June 18, 2026, Petitioner filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition").  On June 25, 2026, Respondents filed "Respondents' Response to Petition for Writ of Habeas Corpus" ("the Response").  On June 27, 2026, Petitioner filed a Reply.

**SUMMARY OF PARTIES' CONTENTIONS**

In seeking immediate release from detention, Petitioner contends, inter alia, that his arrest and detention violated federal law.  Respondents now concede that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista," and "appears to be subject to the Bautista judgment [and] the order enforcing the same."  Yet, Respondents oppose any remedy other than a bond hearing before an immigration judge under section 1226 (the same remedy the immigration judge refused to implement on June 16, 2026).

**DISCUSSION**

It appears that ICE (and the immigration judge) believed that Petitioner was subject to section 1225.  Section 1225 applies only to aliens "seeking admission."  Under the Government's new (2025) interpretation of section 1225, however, ICE began applying this statute to aliens such as Petitioner who entered the United States without inspection but who have been living within the United States for many years.  Most district courts, including the United States District Court for the Central District of California, have rejected the Government's new interpretation of section 1225.  See, e.g., Pinchi v. Noem, 813 F. Supp. 3d

2

973, 1028-33 (N.D. Cal. 2025) (section 1225 inapplicable; observing that district courts now have rejected the government's "novel interpretation" of section 1225 hundreds of times); Campbell v. Almodovar, 2025 WL 3538351, at *6 (S.D.N.Y. Dec. 10, 2025) ("seeking admission" "means presently trying to enter the United States at or near the border"); Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1169 (D. Nev. 2025) ("the overwhelming majority of district courts across the country, including this Court, that have considered the Government's new statutory interpretation [of section 1225(b)(2)] have found it incorrect and unlawful"); but see Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *2-3 (D. Mass. Nov. 25, 2025) (alien's detention governed by section 1225 (rather than by section 1226) notwithstanding the alien's years of living within the United States on immigration parole).[1]

In the present case, Respondents do not brief or otherwise attempt to defend the Government's new interpretation of section 1225.  Therefore, the Court analyzes the legality of Petitioner's arrest and detention under section 1226.

Respondents have failed to justify the warrantless nature of Petitioner's arrest.  Section 287.8(c)(2)(ii) of Title 8 of the Code of Federal Regulations provides:  "A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."  Respondents offer no evidence that the arresting officers had "reason to believe" that Petitioner was "likely to escape" before a warrant could be obtained.  Petitioner's longtime residence, employment and family ties belie any suggestion that the arresting officers had "reason to believe that [Petitioner was] likely to escape before a warrant [could] be obtained."  See also 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending the

---

[1]    Four circuit courts have rejected the Government's new interpretation of section 1225.  See Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Hernandez-Alvarez, 175 F.4th 1258 (11th Cir. 2026); Castanon-Nava v. U.S. Dept. of Homeland Security, 175 F.4th 828 (7th Cir. 2026); Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026).  However, two circuit courts have upheld the Government's new interpretation of section 1225.  See Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).

decision on whether the alien is to be removed from the United States.") (emphasis added).

More fundamentally, Petitioner's more than five-months long detention without a hearing has violated his due process rights under the federal Constitution.  The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief.  See 28 U.S.C. § 2241(c)(3).  Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law.  See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001).  Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

An alien, such as Petitioner, who builds a substantial life in the United States over a period of many years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody.  See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna"); see also Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty.").  As in Ramirez-Serna, the warrantless arrest and hearingless detention here violated federal due process.  The most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing him from detention.  See Ramirez-Serna, at 7; Maciel v. Noem, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); Domingo

v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

**CONCLUSION**

For all of the foregoing reasons, it is ordered that the Petition is granted in part: (1) Respondents must release Petitioner (A# 088-191-548) from detention immediately; and (2) Respondents are enjoined from any further re-detention of Petitioner, absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 29, 2026.

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

5